UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER MANINO | CIVIL ACTION |
| VERSUS | NO: 06-6627 |
| LEXINGTON INSURANCE CO., ET AL. | SECTION: "K"(5) |

### ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 9) and Motion to Dismiss (Rec.Doc.No. 13). Defendant removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Defendant Hull & Company, Inc. ("Hull"), is improperly joined. Defendants maintain that action against Hull is perempted by Louisiana Revised Statutes, § 9:5606. The statute provides for a one-year/three-year peremptive period for claims against insurance agents.

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. This Court held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *See*

1

*Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage).

The policy was issued in July 2004, and suit was not filed until August 9, 2006. The insurance agent's alleged failures relate to procurement of the policy, which means the peremptive period commenced upon the policy's issuance with respect to these allegations. *See* Notice of Removal, Petition, at ¶ VII (Rec.Doc.No. 1). Moreover, the subsequent renewal in July 2005, also would not operate to restart the peremptive period as there were no separate, distinct act which would otherwise constitute independent torts. *Dobson*, 2006 WL 2078423, at *8.

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy.

Plaintiff also claims that Defendant Hull had a role in the alleged improper adjustment of Plaintiff's claims. Plaintiffs' allegations are highly conclusory. Moreover, their Motion to Remand offers no support or evidence that suggests Hull had anything to do with the claims adjustment. It seems apparent that Hull was simply an insurance agent, and was not a claims

adjuster.

Because this situation is one in which the Petition has apparently "misstated or omitted discrete facts" the Court can conduct a summary-type inquiry to determine if there is a cause of action against Hull. *Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (*citing Smallwood v. Illinois Central Railroad* Co., 385 F.3d 568 (5th Cir. 2004). Clearly, Hull cannot be held liable for improper adjustment when he was not involved in the adjustment of plaintiffs claims.

Thus, the Court finds that Defendant Hull is improperly joined in this action, and with Hull's dismissal, the Court can exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete diversity among the parties. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Hull is **DISMISSED**.

New Orleans, Louisiana, on this 29th day of January, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**