UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER MANINO and<br>SCOTT MANINO | CIVIL ACTION |
| VERSUS | NO. 06-6627 |
| LEXINGTON INSURANCE COMPANY and<br>HULL & CO., INC. | SECTION "K"(5) |

### *ORDER AND OPINION*

Before the Court is a "Request for Trial by Jury" (Doc. 22) filed on behalf of plaintiffs Jennifer and Scott Manino. After reviewing the pleadings, memoranda, and relevant law, for the following reasons, the Court GRANTS the request for a jury trial.

It is undisputed that plaintiffs did not request a jury trial within the ten days mandated by Rule 38(b) of the Federal Rules of Civil Procedure. However, Rule 39(b) of the Federal Rules of Civil Procedure grants a district court discretion to order a jury trial despite a party's failure to comply with ten-day requirement. *Daniel International Corporation v. Fishbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). In exercising its discretion, a district court should grant the request for a jury trial "in the absence of strong and compelling reasons to the contrary." *Id.*

The following factors are relevant in determining whether to exercise discretion to grant a Rule 39(b) request for a jury trial: 1) whether the case involves issues which are best tried to a jury; 2) whether granting the motion would disrupt the court's schedule or that of an adverse party; 3) the degree of prejudice to the adverse party; 4) the length of the delay in having requested a jury trial; and 5) the reason for the mover's tardiness in requesting a jury trial. *Id.* Plaintiffs assert a claim against Lexington Insurance Company, their homeowner's insurer, for damages sustained by their

home during Hurricane Katrina, as well as a claim for statutory penalties, attorney fees, and court costs for Lexington's bad faith and arbitrary and capricious failure to make a reasonable offer in payment for the damages sustained by plaintiffs' home. Although fact intensive, these issues are not complex. A jury is well suited to resolve this dispute. Defendant is correct that the trial will necessarily take longer as a jury trial than it would if tried to the Court; however, because the trial is more than eight months away, granting the request for the jury trial would not disrupt the Court's schedule. While defense counsel contends that a longer jury trial "would almost certainly be disruptive" of his schedule, he does not identify any specific conflict or prejudice that would result from a longer trial. Nor is the Court convinced that granting the request for a jury trial prejudices defendant in any other way. Extensive discovery had not been conducted at the time plaintiffs filed their request for a jury trial, and with more than eight months to prepare for trial, defendant has adequate time to alter its trial strategy, if necessary, to present the case to a jury. Plaintiff's delay of approximately seven months in requesting a jury trial is significant, and plaintiffs' explanation for the delay, i.e, the pendency of a motion to remand, does not excuse the delay. While the final two factors clearly weigh in favor of denying the request for a jury trial, they do not constitute a strong or compelling reason to deny plaintiffs' request for a jury, nor does the Court find any strong or compelling reason to deny the motion. Accordingly,

    IT IS HEREBY ORDERED that the trial in this matter shall proceed as a jury trial.

New Orleans, Louisiana, this 6th day of June, 2007.

                                  STANWOOD R. DUVAL, JR.
                                  UNITED STATES DISTRICT JUDGE